NIGHT BOX FILED
NOV 03 1999
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | Case No. 98-2280-CIV-KING |
| Plaintiff, ) | (Magistrate Judge Turnoff) |
| v. ) | |
| ) | CONSENT OF DANIEL LAMBERT TO A FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF |
| DANIEL LAMBERT, JOHN PAPE, JAMES VERRILLO, AND GERARD VERRILLO, ) | |
| Defendants. ) | |

Defendant Daniel Lambert ("Lambert") states as follows:

1. Defendant Lambert admits the jurisdiction of this Court over him and over the subject matter of this action.

2. Defendant Lambert states that he has entered into this Consent voluntarily, after consulting with undersigned counsel, and that no promise, threat, or inducement of any kind, except as stated herein or as stated in the attached proposed Final Judgment of Permanent Injunction and Other Relief as to Defendant Daniel Lambert ("Order"), has been made by the plaintiff, Securities and Exchange Commission ("Commission"), or any member, officer, agent, or representative thereof, to him or to anyone acting for him or on his behalf, to induce him to enter into this Consent.

3. Defendant Lambert, without admitting or denying the allegations of the Commission's Complaint in this action ("Complaint"), except that he is admitting the

allegations as to jurisdiction and venue, hereby voluntarily consents to the entry of the Order in the form annexed hereto and incorporated by reference herein.

4. Defendant Lambert agrees that the attached proposed Order, in the form annexed hereto, may be presented by the Commission to the Court for signature and entry, without further notice.

5. Defendant Lambert agrees that this Consent shall be made a part of the attached Order to be entered by this Court in this action, and further agrees that this Court shall retain jurisdiction over him.

6. Defendant Lambert states that he understands that the Commission cannot and does not confer on him or on any person or entity, immunity from any criminal proceedings against him or other persons or entities for any actions related to or arising from this or any other matter.

7. Defendant Lambert understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings" (17 C.F.R. §202.5(e)). In compliance with this policy, Defendant Lambert agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant Lambert hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant Lambert breaches this agreement, the Commission may petition the Court to vacate any orders or judgments

and restore this case to its active docket. Nothing in this provision affects Defendant Lambert's testimonial obligations or rights to take legal positions in litigation in which the Commission is not a party.

8. Defendant Lambert waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

9. Defendant Lambert waives any right he might have to appeal from the entry of the Order.

10. Defendant Lambert waives service of the Order entered herein upon him and agrees that entry of the Order by the Court and filing with the Clerk in the Southern District of Florida will constitute notice to him of the terms and conditions of such Order.

11. Defendant Lambert agrees that he will not oppose the enforcement of the Order on the ground that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

12. Consistent with the provisions of 17 C.F.R. § 202.5(f), Defendant Lambert waives any claim of double jeopardy based upon the settlement of this action, including the imposition of any remedy or civil penalty herein.

13. Defendant Lambert agrees and undertakes to disgorge $12,487, plus prejudgment interest on $67,707 (such prejudgment interest totalling $9,670 as of March 17, 1999).

14. Defendant Lambert agrees and undertakes to pay a one time civil penalty of $67,707.

Approved as to form:

_____
Mark C. Perry, Esq.
Attorney for Daniel Lambert

I declare under penalty of perjury that the foregoing is true and correct. Executed on ___3\26\99___, 1999.

_____
Daniel Lambert