UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL LAMBERT, JOHN PAPE, ) <br> JAMES VERRILLO, AND GERARD VERRILLO, ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 98-2280-CIV-KING <br> (Magistrate Judge Turnoff) <br><br> FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANTS JAMES VERRILLO AND GERARD VERRILLO |

Defendants James Verrillo ("J. Verrillo") and Gerard Verrillo ("G. Verrillo") by the Consent annexed hereto, without admitting or denying any of the allegations in the Commission's Complaint, except that they are admitting the allegations as to the jurisdiction of this Court over them and over the subject matter of this action, and as to venue, have agreed to the entry of this Final Judgment of Permanent Injunction And Other Relief as to Defendants James Verrillo and Gerard Verrillo ("Final Judgment"). This Court having accepted such Consent and having jurisdiction over Defendants J. Verrillo and G. Verrillo and the subject matter hereof, and the Court being fully advised in the premises:

I.

## VIOLATION OF SECTION 10(b) OF
## THE SECURITIES EXCHANGE ACT OF 1934 AND RULE 10b-5 THEREUNDER

**IT IS HEREBY ORDERED** that Defendants J. Verrillo and G. Verrillo, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, and each of them, be and they hereby are, permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security by use of any means or instrumentalities of interstate commerce or of the mails, or by use of any facility of any national securities exchange:

(a) employing any device, scheme, or artifice to defraud;

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statement made, in light of the circumstances under which it was made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder.

II.

## DISGORGEMENT

**IT IS HEREBY FURTHER ORDERED** that Defendants J. Verrillo shall immediately pay to the United States Treasury disgorgement in the amount of $185,469

plus prejudgment interest totaling $35,079, and G. Verrillo pay disgorgement in the amount of $14,280, plus prejudgment interest totaling $2,700.

### III.

### PENALTIES

**IT IS HEREBY FURTHER ORDERED** that, in addition to the relief ordered in Paragraph II of this Final Judgment, Defendant J. Verrillo shall immediately pay to the United States Treasury a civil penalty under Section 21A of the Exchange Act [15 U.S.C. 78u-1] in the amount of $46,367, and Defendant G. Verrillo shall immediately pay to the United States Treasury a civil penalty under Section 21A of the Exchange Act [15 U.S.C. 78u-1] in the amount of $3,570.

### IV.

### PAYMENT INSTRUCTIONS

IT IS HEREBY FURTHER ORDERED that payment of disgorgement, prejudgment interest thereon, and civil penalty shall be: (1) made by United States postal money order, certified check, bank cashier's check, or bank money order; (2) made payable to the Securities and Exchange Commission; (3) transmitted to the Comptroller, Securities and Exchange Commission, 450 Fifth Street, N.W., Washington, D.C. 20549; and (4) submitted under cover letter that specifies the defendant in this proceeding, and the Commission's case number (A-1565), a copy of which cover letter and money order or check shall be sent to Regional Director, Securities and Exchange Commission, 1401 Brickell Avenue, Suite 200, Miami, Florida 33131.

## V.

## INCORPORATION OF CONSENT

**IT IS HEREBY FURTHER ORDERED** that Defendants J. Verrillo and G. Verrillo shall comply with the provisions of the Consent attached hereto, and that such Consent is incorporated herein by reference as if fully set forth herein.

## VI.

## RETENTION OF JURISDICTION

**IT IS HEREBY FURTHER ORDERED** that this Court shall retain jurisdiction over this matter and over Defendants J. Verrillo and G. Verrillo in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DONE AND ORDERED** at 8:00 o'clock, A m. this ___ day of Dec 1999, at Miami, Florida.

_____
UNITED STATES DISTRICT JUDGE
JAMES LAWRENCE KING

copies to:

Mitchell E. Herr
Regional Trial Counsel
SECURITIES AND EXCHANGE
    COMMISSION
1401 Brickell Avenue, Suite 200
Miami, Florida 33131

4

Jeffrey B. Crockett, Esq.
Robert K. Burlington, Esq.
Aragon, Burlington, Weil & Crockett, P.A.
2699 South Bayshore Drive
Penthouse
Miami, Florida 33133

Ronald D. Shindler, Esq.
Fowler, White, et al.
Attorney for John Pape
100 S.E. Second Street
17th Floor
Miami, Florida 33131

Mark C. Perry, Esq.
Attorney for Daniel Lambert
2455 East Sunrise Boulevard
Suite 905
Fort Lauderdale, Florida 33304